UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal Number: |
| | : |
| | : VIOLATIONS: |
| v. | : |
| | : |
| | : Count One: |
| ROBERT FROMM | : 18 U.S.C. § 207(a)(1), 216(a)(1) |
| Defendant | : (Violating the Lifetime Post-Employment Ban) |

## INFORMATION

The United States Attorney informs the Court that:

## COUNT ONE

### Violating the Lifetime Post-Employment Ban

Introduction

1. The Department of the Army's National Ground Intelligence Center (NGIC), located in Charlottesville, Virginia, was an intelligence analysis organization tasked with producing intelligence used by the armed forces of the United States. The Facilities Infrastructure and Engineering Systems (FIRES) program involved scanning and digitizing various documents, information technology and database processing, and sensitive survey work for the NGIC.

2. MZM, Inc. was a defense contractor that sold equipment and services to the United States Department of Defense (DoD). On or about September 27, 2002, MZM entered into a Blanket Purchase Agreement with DoD, which made MZM eligible to receive up to $225 million by performing work for DoD customers, including NGIC. The initial task order to MZM under the BPA was for work on the FIRES program. From 2002 through 2005, MZM received over $10 million for work on FIRES.

3. From in or about early 2000 through June 2004, ROBERT FROMM was a DoD

employee who was program manager of the FIRES program. As program manager, FROMM participated personally and substantially in the management of the FIRES program. FROMM's duties included: implementing FIRES contracts; submitting FIRES budget proposals; seeking funding sources for FIRES; building FIRES program partnerships with potential government consumers of its services; providing training and mentoring programs for FIRES project officers; leading FIRES team meetings; developing an operational plan for FIRES; frequently meeting and communicating with officials from MZM about the FIRES program; and evaluating MZM's performance on FIRES projects. FROMM also wrote a Statement of Work for MZM's FIRES contract.

4. In June 2004, FROMM retired from DoD. In July 2004, he began employment with MZM, as a senior vice-president. FROMM resigned from MZM in March 2005.

FROMM's unlawful communications with DoD officials regarding FIRES matters

5. While serving as an MZM employee and on behalf of MZM, FROMM knowingly, with the intent to influence, communicated with DoD employees regarding FIRES matters. On or about September 10, 2004, FROMM accompanied a DoD employee to a briefing of the U.S. Army, in Arlington, Virginia. FROMM developed the briefing for FIRES. At the briefing, FROMM explained FIRES's views on funding a program. Also, on or about August 4, 2004 and on other dates, FROMM provided a DoD employee with comments and suggestions regarding the operation of FIRES.

6. FROMM listed the August 4, 2004 and September 10, 2004 communications as accomplishments on monthly memoranda that FROMM wrote to MZM's management detailing his activities on MZM's behalf. FROMM claimed and received from MZM reimbursement for the incidental costs of approximately $400 associated with these communications. As a recipient of funds from its work on FIRES, MZM had an interest in the operation of FIRES.

7. On or about August 4, 2004, September 10, 2004, and on other dates, as set forth above,

defendant ROBERT FROMM, formerly an officer and employee of the United States, did, after termination from said service as an officer and employee of the United States, knowingly make, with the intent to influence, communications to and appearances before officers and employees of the United States, on behalf of MZM, Inc., in connection with a particular matter in which: the United States was a party and had a direct and substantial interest; in which defendant FROMM participated personally and substantially while defendant FROMM was an officer and employee of the United States; and which involved a specific party or parties at the time of such participation.

**(Violating the Lifetime Post-Employment Ban, in violation of 18 U.S.C. §§ 207(a)(1), 216(a)(1))**

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____
HOWARD R. SKLAMBERG
Assistant United States Attorney
555 Fourth Street, N.W.
Room 5836
Washington, DC 20001
(202) 514-7296